UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AEP INDUSTRIES INC.,

    Plaintiff,

vs.

CHARLES NORTON ARRANT,
JOHN CHAD ARRANT, and
RJS SALES CO., LLC,

    Defendants.
_____/

Case No. 3:10cv50
Hon. Thomas Wiseman
Magistrate Judge Griffin

## STIPULATED INJUNCTION, JUDGMENT, AND ORDER OF DISMISSAL

Plaintiff AEP Industries Inc. ("AEP" or "Plaintiff") and Defendants Charles Norton Arrant ("Norton Arrant"), John Chad Arrant ("Chad Arrant"), and RJS Sales Co., LLC ("RJS") (collectively, "Defendants") having stipulated to the relief set forth herein in conjunction with their settlement of the above-captioned lawsuit; and the Court being otherwise fully advised in the premises:

A.     IT IS HEREBY ORDERED that, Norton Arrant is enjoined, restrained and prohibited, until January 21, 2011, from directly or indirectly:

    1.     Except as described in this paragraph, engaging or participating in any employment or activity that is competitive with Plaintiff within Kentucky and the eastern half of Tennessee. Notwithstanding this restriction, Norton Arrant may sell products in such territory that do not compete with those products offered by Plaintiff's Custom Film Division ("Custom Film Products"). Custom Film Products include: (i) bags - antistatic, gaylord box liners, gusseted, polyethylene, and printed; (ii) flexible packaging films – co-extruded, polyethylene, and registered/random printed; and (iii) shrink films - band/sleeves and polyethylene;

    2.     Engaging or participating in any employment or activity that is directed to or designed to solicit business from, or sell any products to, Plaintiff's customers and/or prospective customers whom Norton Arrant serviced or assisted in servicing, targeted, or whose name became known to Norton

Arrant during his employment with Plaintiff (collectively, "Norton Arrant-Serviced Customers"); and/or

    3.    Disclosing and/or using Plaintiff's trade secrets and/or other proprietary and/or confidential business information, whether in original, copied, computerized, handwritten or any other form, including, but not limited to, the Confidential Information described in Plaintiff's Amended Verified Complaint.

B.    IT IS HEREBY FURTHER ORDERED that Chad Arrant is enjoined, restrained and prohibited, until March 25, 2011, from directly or indirectly:

    1.    Except as described in this paragraph, engaging or participating in any employment or activity that is competitive with Plaintiff within the sales territory in which he formerly performed services for Plaintiff, which includes southern Alabama, northern Florida, and southern Georgia. Notwithstanding this restriction, Chad Arrant may sell products in such territory that do not compete with the Custom Film Products, as defined above.

    2.    Engaging or participating in any employment or activity that is directed to or designed to solicit business from, or sell any products to, Plaintiff's customers and/or prospective customers whom Chad Arrant serviced or assisted in servicing, targeted, or whose name became known to Chad Arrant during his employment with Plaintiff (collectively, "Chad Arrant-Serviced Customers"); and/or

    3.    Disclosing and/or using Plaintiff's trade secrets and/or other proprietary and/or confidential business information, whether in original, copied, computerized, handwritten or any other form, including, but not limited to, the Confidential Information described in Plaintiff's Amended Verified Complaint; and

C.    IT IS HEREBY FURTHER ORDERED that RJS is enjoined, restrained and prohibited, until March 25, 2011, from directly or indirectly:

    1.    Except as described in this paragraph, permitting, encouraging, or assisting Norton Arrant and/or Chad Arrant to engage or participate in any employment or activity that is competitive with Plaintiff within their respective restricted territories, as described above in Part A.1 and B.1. Notwithstanding this restriction, the parties have stipulated that Norton Arrant and Chad Arrant may sell products on behalf of RJS in such territories that do not compete with Plaintiff's Custom Film Products, as defined above;

2. Soliciting, contacting, accepting any business from and/or attempting to do business with any Norton Arrant-Serviced Customer and/or any Chad Arrant-Services Customer, as defined above. Notwithstanding this restriction, the parties have stipulated that RJS (but not the Arrant Defendants) may solicit Plaintiff's customers regarding products that do not compete with the Custom Film Products; and/or

3. Disclosing and/or using Plaintiff's trade secrets and/or other proprietary and/or confidential business information, whether in original, copied, computerized, handwritten or any other form, including, but not limited to, the Confidential Information described in Plaintiff's Amended Verified Complaint.

D. The injunctive relief set forth above shall survive the dismissal of this lawsuit, and the Court retains jurisdiction to entertain such further proceedings and to enter such further orders and judgments as may be necessary or appropriate to implement and/or enforce the provisions of this Order and the parties' settlement agreement.

E. IT IS HEREBY FURTHER ORDERED that a Judgment is entered against Defendants and in favor of AEP in the amount of $1,788.78.

F. AEP's claims in this matter are dismissed with prejudice and without costs, interest or attorneys' fees being awarded to any party. This Order resolves the last claims and closes this case, except as set forth above.

IT IS SO ORDERED.

_____
DISTRICT COURT JUDGE